UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
TAIWO SOLOLA,                       )
                                    )
        Plaintiff,                  )
                                    )
            v.                      )    C.A. No. 16-35 S
                                    )
PROSPECT CHARTERCARE, LLC,          )
d/b/a CHARTERCARE HEALTH            )
PARTNERS, RWMC; STEVE FINNEGAN,     )
alias; RICK GIUNTOLI, alias,        )
                                    )
        Defendants.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Plaintiff, Taiwo Solola, filed a Complaint (ECF No. 1) against his former employer, Prospect Charter Care, LLC d/b/a Charter Care Health Partners, RWMC, Steve Finnegan, and Rick Giuntoli (collectively "Defendants"), alleging employment discrimination and retaliation in violation of the Fair Employment Practices Act, R.I. Gen. Laws § 28-5-7 et seq., the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 et seq., and Title VII of the Federal Civil Rights Act, 42 U.S.C. § 2000(e) et seq. Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF

No. 6.)  For the following reasons, the Motion to Dismiss is GRANTED.

I.  Facts

Plaintiff's Complaint is factually sparse.  For his discrimination claim, Plaintiff alleges that he is black with ancestral origins in Nigeria (Compl. ¶ 8, ECF No. 1), and was the only black cook employed by Defendants during his five years of employment.  (Id. ¶¶ 9, 20.)  Plaintiff further alleges that during his employment, "Defendants discriminated against Plaintiff by subjecting him to heightened scrutiny, selective and unfair discipline and by treating Plaintiff differently than his white coworkers," conduct that Plaintiff alleges ultimately led to his termination on November 25, 2014.  (Id. ¶¶ 11-12.)

For his two retaliation claims, Plaintiff alleges that "Defendants' [sic] treated Plaintiff more harshly than it [sic] treated Plaintiff's white coworkers . . . because Plaintiff truthfully reported that Steve Finegan and Michael Carbone failed to perform their jobs in an honest and forthright manner."  (Id. ¶ 19.)  Plaintiff alleges he complained that Defendant Finegan did not "order sufficient quantities of food to enable Plaintiff to perform Plaintiff's job," and reiterates that he complained Defendant Carbone "was not performing his job in an honest and forthright manner."  (Id. ¶¶ 21-22.)  As a result of these complaints, Plaintiff claims he was treated "more harshly than his

2

white coworkers," "was physically assaulted in the workplace," and lost his job. (Id. ¶¶ 21-23.)

II. Legal Standard

When considering a motion to dismiss under Federal Rule Civil Procedure 12(b)(6), courts must view the facts contained in the pleadings in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). To survive the motion, however, plaintiff must present "factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put another way, "[w]hile detailed factual allegations are not required, 'a formulaic recitation of the elements of a cause of action' is not sufficient." DeLucca v. Nat'l Educ. Ass'n of Rhode Island, No. C.A. 13-155L, 2015 WL 2037547, at *1 (D.R.I. May 5, 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

III. Analysis[1]

    A.    Plaintiff failed to allege specific facts to make out a plausible claim of discrimination in Count I.

---

[1] Plaintiff brings claims under both Federal and Rhode Island anti-discrimination statutes. "As is routine practice, the Court will analyze the federal and state claims together." Ferro v. Rhode Island Dep't of Transp. ex rel. Lewis, 2 F. Supp. 3d 150, 157 (D.R.I. 2014) (citing Rathbun v. Autozone, Inc., 253 F. Supp.

3

To prevail on his discrimination claim, Plaintiff must, as an initial matter show that: "(1) he is a member of a protected class; (2) he was qualified for the job; (3) the employer took an adverse employment action against him; and (4) the position remained open or was filled by a person with similar qualifications." Cham v. Station Operators, Inc., 685 F.3d 87, 93 (1st Cir. 2012) (quoting Kosereis v. Rhode Island, 331 F.3d 207, 212–13 (1st Cir. 2003)). "In the employment discrimination context, however, it is not necessary for a plaintiff to plead facts supporting each element of a claim, provided that whatever facts are pled allow the Court to plausibly infer liability." Williams v. Shinseki, No. CIV.A. 11-40030-TSH, 2013 WL 1336360, at *3 (D. Mass. Mar. 29, 2013); see also Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013) ("Although a plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial — in a discrimination case, the prima facie standard — she need not plead facts sufficient to establish a prima facie case.").

Turning to the facts of this case, Plaintiff alleges (1) that he is black, of Nigerian descent; (2) that he was the only black cook during his tenure with Defendants; and (3) that he was

---

2d 226, 234, 236 (D.R.I. 2003), aff'd, 361 F.3d 62, 71 (1st Cir. 2004)).

4

"subject[ed] to heightened scrutiny, selective[ly] and unfair[ly] discipline[d] and [treated] differently than his white coworkers." (Compl. ¶¶ 8-11 and 20, ECF No. 1.)[2]  These allegations are substantially similar to the allegations in Reilly v. Cox Enterprises, Inc., No. CA 13-785S, 2014 WL 4473772 (D.R.I. Apr. 16, 2014).  There, the plaintiff pled that

> (1) she was fired not for the reasons given by Defendants, but because of her age . . . and/or because of her gender; (2) she was treated differently than similarly-situated male counterparts; and (3) she was the only woman in the role of Carrier Account Manager, out of ten across the country, and was replaced by a man.

Id. at *8 (internal quotation marks and citation omitted).  This Court, in Reilly, held that, under Twombly/Iqbal, the first two statements were conclusory and must be disregarded, leaving the plaintiff with two factual allegations - that she was the only

---

[2] Plaintiff attaches documents to his Opposition Memorandum that he claims augment the sparse allegations in his Complaint. In reviewing motions brought under Rule 12(b)(6), however, courts "are limited to reviewing the complaint and documents attached to it," or documents that fit into an exception to this rule. Laccinole v. Assad, No. CV 14-404 S, 2016 WL 868511, at *2 (D.R.I. Mar. 7, 2016) (citing Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007)).  Where a Response to a Motion to Dismiss attempts to inject additional facts outside of the complaint and not subject to an exception, courts may disregard them.  See Francisco v. U.S. Marshalls Serv., No. CA 11-231L, 2014 WL 652147, at *10 n.10 (D.R.I. 2014) (citing McElheny v. Trans Nat'l Travel, Inc., 165 F.Supp.2d 190, 194 (D.R.I. 2001)).  Consequently, the Court will not consider the information in the documents Plaintiff attaches to his Opposition. (ECF No. 9-1 and 9-2.)  He is free to augment his allegations with the additional facts contained in them should he decide to refile his Complaint.

woman in her position and that she was replaced by a man.  Id. The Court determined "more factual content is required to nudge [the plaintiff]'s pleading from conceivable to plausible." Id. at *9.

Here, as in Reilly, Plaintiff's allegation that he was treated differently than white coworkers amounts to a legal conclusion, leaving Plaintiff with the fact that he was the only black cook during his tenure to support his discrimination claim.  This is not enough to state a plausible claim under Twombly/Iqbal.  See Shinseki, 2013 WL 1336360 at *4; see also Brown v. W. Warwick Hous. Auth., No. CV 15-437 S, 2016 WL 3248252, at *2 (D.R.I. June 10, 2016) ("formulaic recitation[s] of the elements of a cause of action is not sufficient" to survive a motion to dismiss (internal quotation marks omitted) (quoting DeLucca, 2015 WL 2037547, at *1)).

    B.    Plaintiff has not alleged a "protected activity" with regard to his retaliation claims in Counts II and III.

In order to make out a prima facie case of retaliation, Plaintiff must show that:  "(1) [he] engaged in protected conduct under Title VII; (2) [he] suffered an adverse employment action; and (3) the adverse action was causally connected to the protected activity."  Fantini v. Salem State Coll., 557 F.3d 22, 32 (1st Cir. 2009) (quoting Marrero v. Goya of Puerto Rico, Inc., 304 f.3d

7, 22 (1st Cir. 2002)).  Here, Plaintiff's Complaint fails on the first element.

"An employee has engaged in activity protected by Title VII if [he] has either (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII. . . .  The term protected activity refers to action taken to protest or oppose statutorily prohibited discrimination."  Id. (citations and internal quotation marks omitted).

Plaintiff alleges that he engaged in two protected activities – complaining about one individual defendant's "fail[ure] to order sufficient quantities of food," and complaining that both individual defendants "failed to perform their jobs in an honest and forthright manner."  (Compl. ¶¶ 19, 21, ECF No. 1.)  Neither of these complaints alleges "action taken to protest or oppose statutorily prohibited discrimination," nor do they amount to another type of protected activity under Title VII.  See Fantini, 557 F.3d at 32.  Consequently, Plaintiff has failed to allege a plausible retaliation claim under Title VII.

IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE.  If

7

Plaintiff so chooses, he may file an Amended Complaint within 30 days of this Order.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  August 17, 2016